974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony A. SMITH, also known as Tony Montana, Defendant-Appellant.
 No. 91-3119.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Aug. 20, 1992.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 91 CR 30021, William D. Stiehl, Chief Judge.
 
 ORDER
 
 1
 In this direct appeal from his four-count conviction for narcotics crimes, Anthony Smith argues that the prosecutor's comments during closing argument warrant a new trial. Finding this claim to be without merit, we affirm the conviction.
 
 I. BACKGROUND
 
 2
 Smith was indicted and tried for knowingly and intentionally distributing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). At trial the government introduced evidence that Smith had transferred crack cocaine to undercover agents on four different occasions. A government witness testified that Smith was talking with unidentified black males when undercover officers approached him on the four dates in question. No other evidence was presented to suggest Smith's involvement with any other individuals besides these unidentified parties. Nor was there evidence that Smith had been involved in any other criminal activities.
 
 
 3
 In closing argument, defense counsel Mark Levy stated:
 
 
 4
 What is not credible is why do we go through all of the efforts to catch this dumb kid.
 
 
 5
 ...
 
 
 6
 You might say to yourself, well, they must have had their reasons. ... Well, let me suggest some, because I have to anticipate what might be said. This is my chance. Maybe they were after bigger fish. Maybe Anthony isn't really who they were after, but they were really going to catch somebody bigger. Let's try that one.
 
 
 7
 Transcript of Closing Argument at E-12, Appendix at A-16. Defense counsel then referred several times to the unidentified black males ("Don't you think if you were trying to catch bigger fish you would want to know who Anthony is dealing with?") and to Smith's potential drug source ("What is his source? If the source is what we're after, why aren't we watching him?"). Id. at E-13, App. at A-17.
 
 
 8
 Assistant United States Attorney Randy Massey responded in rebuttal closing argument:
 
 
 9
 Anthony Smith is on trial today, not the others that Mr. Levy has referred to, not the other potential defendants who were developed from this investigation. Anthony Smith is on trial. The Government is required to present evidence against Anthony Smith.
 
 
 10
 It is improper to present evidence against other people, to tell you about instances that are not alleged in the indictment in this case.
 
 
 11
 Id. at E-17, App. at A-21.
 
 
 12
 Levy then asked the court if he could approach the bench, where he moved for a mistrial.[1] Out of earshot of the jury, the court denied the motion. The sidebar proceedings ended, and the prosecutor resumed his closing argument:
 
 
 13
 Your decision is based upon the evidence, not supposition, not speculation, not any suggestions, and that is that others may or may not have been involved. That is supposition.
 
 
 14
 Evidence, ladies and gentlemen, evidence; and the evidence that was presented was clear. The evidence convinces you beyond a reasonable doubt that on four occasions in July and August of 1990 that defendant transferred custody of cocaine base to another individual and that is what this case is about.
 
 
 15
 Id. at E-18, App. at A-22.
 
 
 16
 The jury found Smith guilty on all four counts. He filed this appeal on the day of sentencing.
 
 II. ANALYSIS
 
 17
 Smith argues that he is entitled to a new trial because the government's allegedly improper and prejudicial closing argument rose to the level of prosecutorial misconduct. In particular, he claims that the prosecutor's remarks--those concerning "the others", "other potential defendants", "other people", and "instances that are not alleged in the indictment in this case"--conveyed to the jury two messages unsupported by evidence in the record: that Smith was involved with illegal activities besides those alleged in the indictment, and that his arrest produced other potential defendants.
 
 A. Relevant Standards
 
 18
 This court employs a two-step analysis when considering an alleged error in argument. United States v. Swiatek, 819 F.2d 721, 730 (7th Cir.) (citations omitted), cert. denied, 484 U.S. 903 (1987). First, we determine whether the challenged remark, considered by itself, was improper. If the remark was not improper, our evaluation ends. United States v. Martinez, 939 F.2d 412, 416 (7th Cir.1991) (citing United States v. Rodriguez, 925 F.2d 1049, 1056 (7th Cir.1991)). If we deem the remark inappropriate, we then must assess it in the context of the entire record to determine whether the defendant was denied a fair trial. Swiatek, 819 F.2d at 730. See also United States v. Celio, 945 F.2d 180, 185 (7th Cir.1991); United States v. Gonzalez, 933 F.2d 417, 430 (7th Cir.1991). As part of this second step, we consider whether and to what extent defense counsel provoked the prosecutor's inappropriate comments. Swiatek, 819 F.2d at 730. Reversal of conviction is warranted if a prosecutor's closing arguments were so prejudicial to the defendant as to deprive him of a fair trial. Shepard v. Lane, 818 F.2d 615, 621 (7th Cir.), cert. denied, 484 U.S. 929 (1987).
 
 B. Closing Argument
 
 19
 We find no prosecutorial misconduct in the closing argument. According to Smith, the prosecutor violated "[t]he fundamental rule, known to every lawyer ... that argument is limited to the facts in evidence." United States v. Fearns, 501 F.2d 486, 489 (7th Cir.1974). Smith cites Unites States v. Reagan, 694 F.2d 1075, 1079 (7th Cir.), cert. denied, 459 U.S. 1071 (1982), and United States v. Labarbera, 581 F.2d 107, 109 (5th Cir.1978), for the proposition that in closing argument a prosecutor can deprive a defendant of a fair trial either by implying that he knows of the defendant's involvement in other criminal misconduct, or by suggesting the existence of evidence not introduced at trial that is probative of the defendant's guilt.
 
 
 20
 These are correct statements of the law. What Smith omits to mention, however, is our observation in Reagan that "it is equally well settled law where the defense counsel makes remarks in closing that invite the government to respond, the prosecutor may, in rebuttal, enter into areas which would otherwise constitute improper argument." Id. at 1080 (citations omitted). Numerous times during closing argument, Smith's lawyer branded the government's case not credible. He implied as well that by devoting its energies to catching "this dumb kid" the government was ineffectively waging the war against drugs. In addition to these sustained attacks on the integrity of the government, defense counsel repeatedly suggested that, rather than Smith, other people and other incidents should have been the subject of trial.
 
 
 21
 It is well-settled that a United States Attorney may vigorously challenge his opponent's arguments. See, e.g., Reagan, 694 F.2d at 1079. Nowhere is that maxim more apropos than "where defense counsel struck the first blow by impugning the integrity of the government". United States v. Auerbach, 913 F.2d 407, 419 (7th Cir.1990) (citations omitted); United States v. Peco, 784 F.2d 798, 809 (7th Cir.), cert. denied, 476 U.S. 1160 (1986); United States v. West, 670 F.2d 675, 689 (7th Cir.), cert. denied 457 U.S. 1124 (1982). Once defense counsel launches such an attack, "[i]t is beyond question that invited response is a proper subject of closing argument." Reagan, 694 F.2d at 1079. This is the so-called "invited response doctrine." Gonzalez, 933 F.2d at 430; Swiatek, 819 F.2d at 730.
 
 
 22
 Considered in isolation, the prosecutor's remarks were inappropriate. But as the district court noted during the sidebar conference, Smith's own lawyer "opened the door" to the prosecutor's statements when, during his closing argument, he referred to Smith's alleged source, as well as to the four unidentified black men. We therefore cannot agree with Smith's characterization of the closing argument as an effort calculated to imply that additional defendants were apprehended, or to suggest Smith's involvement in uncharged offenses.
 
 
 23
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The following colloquy ensued:
 MR. LEVY: Your honor, at this time--I didn't make this motion in front of the jury, but I would like to move for mistrial. There has been no evidence here of others, other defendants, being developed.... To get up now and to insinuate to the jury that there is something like that going on here connected with this is causing them to make a decision not based upon any evidence in this trial.
 THE COURT: All right. I am going to deny your motion for mistrial. I don't think the comments of counsel arise to that level. I think counsel for the Government should point out that the point he just told the jury is a supposition, that in the event that there were any, that it would not be involved in this case, to clear up the point.
 MR. MASSEY: I am going to just stay away from this entirely, but the door was opened.
 THE COURT: To a certain extent. At least the back door was opened by defense counsel arguments.
 Id. at E-17-18, App. at A-21-22.